IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BELDA SHIPPING S.A., | |
|     Plaintiff, | |
| v. | CASE NO. 16-cv- |
| TADEMA SHIPPING AND LOGISTIC INC. (a/k/a TADEMA SHIPPING & LOGISTIC INC, a/k/a TADEMA SHIPPING & LOGISTICS INC), | **IN ADMIRALTY** |
| TALEVERAS PETROLEUM TRADING B.V. (a/k/a TALAVERAS PETROLEUM TRADING, a/k/a TALEVERAS PETROLEUM TRADING, a/k/a TALEVERAS PETROLEUM TRADING LTD), | |
| and | |
| TALEVERAS PETROLEUM TRADING DMCC, | |
|     Defendants, | |
| AND | |
| ATLANTIC TRADING & MARKETING, INC., | |
| BP PRODUCTS NORTH AMERICA INC., | |
| CHEVRON U.S.A. HOLDINGS INC., | |
| CHEVRON U.S.A. INC., | |
| GEORGE E. WARREN CORPORATION, | |
| J.P. MORGAN & CO., INC., | |
| PBF ENERGY COMPANY LLC, | |
| PBF ENERGY INC., | |

| | |
|---|---|
| PBF ENERGY PARTNERS LP,<br><br>PBF HOLDING COMPANY LLC,<br><br>RIL USA INC.,<br><br>SHELL TRADING (US) COMPANY,<br><br>and<br><br>VITOL INC.,<br><br>    Garnishees. | |

### VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF
### WRITS OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiff Belda Shipping S.A. ("Belda") brings this action against Defendants Tadema Shipping and Logistic Inc. (a/k/a Tadema Shipping & Logistic Inc, a/k/a Tadema Shipping & Logistics Inc) ("Tadema"); Taleveras Petroleum Trading B.V. (a/k/a Talaveras Petroleum Trading, a/k/a Taleveras Petroleum Trading, a/k/a Taleveras Petroleum Trading Ltd) ("Taleveras BV"); and Taleveras Petroleum Trading DMCC ("Taleveras DMCC") (collectively, the "Defendants"), *quasi in rem*, pursuant to Supplemental Admiralty and Maritime Rule B for issue of writs of maritime attachment and garnishment, and state as follows:

#### Jurisdiction and Venue

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this District because the Garnishees are located, can be found, and can be served with process in this District.

3. Venue is also proper in this District because Defendants' property is, or soon will be, in the possession, custody, or control of Garnishees.

4. Defendants cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

5. Belda is a Marshall Islands corporation and has its principal place of business in Athens, Greece. At all times relevant to this action, Belda was the owner of the M/T ALBA (the "Vessel").

6. At all times relevant to this action, Tadema was a British West Indies corporation and had its principal place of business at 212 Long Path Road, Suite 29, Anguilla, BVI. At all times relevant to this action, Tadema was the time charterer of the Vessel.

7. At all times relevant to this action, Taleveras BV was a British West Indies corporation and had its principal place of business at 212 Long Path Road, Suite 2A, Anguilla, BVI. At all times relevant to this action, Taleveras BV was the guarantor of Tadema's obligations as time charterer of the Vessel.

8. Taleveras DMCC is an Emirati corporation and has its principal place of business at Almas Tower, Jumeirah Lakes Towers Plot No Jlt Ph1 Ao, Dubai, United Arab Emirates. At all times relevant to this action, Taleveras DMCC was the alter ego of Tadema and/or Taleveras BV.

9. The Garnishees named herein are entities registered to do business in this District. The Garnishees have offices and/or registered agents in this District, and can be served with process in this District.

10. On information and belief, each of the Garnishees has – or soon will have – in its possession, custody, or control accounts and/or property in which Tadema, Taleveras BV, and/or Taleveras DMCC has an interest.

## Facts

11. On October 29, 2014, Belda and Tadema entered into a Time Charter Party (the "Time Charter") for Vessel.

12. Pursuant to the Time Charter, Belda delivered the Vessel to Tadema at Lome, Togo on November 4, 2014. The Vessel was then re-delivered to Belda at Lagos, Nigeria on February 3, 2015.

13. Over the course of the Time Charter, the Vessel earned hire in the full amount of $1,737,312.50, as evidenced by Belda's Final Hire Statement dated March 26, 2015, a copy of which is attached hereto as **Exhibit 1**.

14. Of the total hire, Tadema has paid only the sum of $1,213,912.81, leaving an outstanding balance of $523,399.69.

15. By email dated September 30, 2015, Tadema *admitted* the outstanding balance of hire was due and owing, and further promised to remit such amount to Belda. However, Tadema has thus far failed to follow through on its promise to remit payment to Belda despite repeated demands.

16. On October 15, 2015, Belda commenced proceedings against Tadema in the High Court of Justice, Queen's Bench Division, Commercial Court, Royal Courts of Justice (the "High Court Proceedings"), seeking judgment and damages as a result of Tadema's breach of the Time Charter.

17. Tadema was served with the High Court Proceedings on October 20, 2015.

18. On October 19, 2015, Tadema terminated its corporate registration in Anguilla, British West Indies and re-domiciled itself in Tortola, British Virgin Islands.

19. On November 3, 2015, Taleveras BV terminated its corporate registration in Anguilla, British West Indies and re-domiciled itself in the Tortola, British Virgin Islands.

20. On November 12, 2015, winding up petitions were filed against both Tadema and Taleveras BV in the Anguilla High Court.

21. On January 22, 2016, applications to appoint liquidators were filed against both Tadema and Taleveras BV in the High Court of Justice of the Eastern Caribbean Supreme Court (British Virgin Islands).

22. On March 21, 2016, judgment was entered against Tadema and in favor of Belda in the High Court Proceedings for USD $523,399.69; plus interest from March 26, 2015 to February 25, 2016 of USD $24,074.24; plus interest thereafter of USD $119.99 per day up to and including the date of payment; plus costs of £24,604.00; plus interest thereafter of £5.39 per day up to and including the date of payment.[1]

23. Despite demand, Tadema has refused to pay Belda the amounts due and owing.

24. On information and belief, Tadema, Taleveras BV, and Taleveras DMCC are subsidiaries of, and otherwise owned, operated, and controlled by, the Taleveras Group.

25. On information and belief, Tadema, Taleveras BV, and Taleveras DMCC share common ownership, directors, and/or management and are otherwise controlled by the same person: Igho Charles Sanomi II.

26. Mr. Sanomi is the founder, chairman, and/or CEO of the Taleveras Group.

---

[1] Accumulated interest from March 10, 2016 through June 16, 2016 is USD $11,750.02 and £528.22.

27. In support of Taleveras BV's re-domiciling from the British West Indies to the British Virgin Islands, Mr. Sanomi provided a sworn affidavit identifying himself as a director of Taleveras BV, a copy of which is attached as **Exhibit 2**.

28. In further support of Taleveras BV's re-domiciling, a corporate resolution was issued in which Mr. Sanomi and several others are identified as directors of Taleveras BV, a copy of which is attached as **Exhibit 3**.

29. Among the other named directors is an individual named Dickens Ogheneruemu Patrick Sanomi, who – on information and belief – is the late father of Mr. Sanomi.

30. On information and belief, Mr. Patrick Sanomi was deceased long before the August 26, 2015 resolution was executed over his alleged signature.

31. In support of Tadema's re-domiciling from the British West Indies to the British Virgin Islands, a corporate resolution was issued in which Taleveras BV is identified as a director of Tadema, a copy of which is attached as **Exhibit 4**.

32. On or about the time Taleveras BV was re-domiciling itself and before the winding up and insolvency proceedings were commenced in the British West Indies and the British Virgin Islands, respectively, Taleveras BV began using the address of Taleveras DMCC on bills of lading where Taleveras BV is identified as the shipper.

33. On information and belief, the purpose behind the re-domiciling moves by Tadema and Taleveras BV from the British West Indies to the British Virgin Islands was to evade their respective creditors and seek more favorable insolvency protections.

34. On information and belief, the Taleveras Group owns and controls 100% of Taleveras DMCC.

35. On information and belief, Tadema, Taleveras BV, and Taleveras DMCC are the same company for all intents and purposes and simply operate under different trading names.

36. On information and belief, the operations and businesses of Tadema and Taleveras BV were taken over by Taleveras DMCC.

37. Import records show that, until September 30, 2015, Taleveras BV was the shipper of thousands of barrels of condensate to consignees in the United States including Chevron, Atlantic Trading and Marketing, BP North America Petroleum, Vitol, the George E Warren Corporation, PBF Holdings, and other garnishees named in this action.

38. From December 21, 2015 to the present, the shipper changed to Taleveras DMCC – but the product and consignees remain unchanged.

39. On information and belief, Taleveras DMCC offered no consideration to Tadema or Taleveras BV for the acquisition of their businesses and customers.

40. On information and belief, Taleveras DMCC is the alter ego of Tadema and Taleveras BV and has continued the operations of Tadema and Taleveras BV following the termination of their corporation registration in Anguilla.

41. Since 2012, all hire payments made by Tadema to Belda have come from an account labeled "Taleveras Petroleum Trading."

42. A number of investigations into Tadema, Taleveras BV, Taleveras DMCC, and the Taleveras Group commissioned by Belda have determined that Taleveras Group companies are registered in jurisdictions where disclosure of shareholders, financial accounts, and other information is not required.

43. A number of efforts through market contacts by Belda have likewise confirmed that the Taleveras Group and its various subsidiaries operate below the radar and out of the public eye.

### Count I – Breach of Maritime Contract

44. Belda incorporates paragraphs 1-43 as if fully set forth herein.

45. Tadema and Defendants have breached their maritime contract with Belda (to wit, the Time Charter) as set out more fully above.

46. Despite demand, Belda remains unpaid for amounts due to it under the Time Charter and/or pursuant to the judgment entered in the High Court Proceedings, resulting from Tadema's and Defendants' breach of maritime contract.

47. Belda therefore demands judgment jointly and severally against Tadema and the Defendants as set forth more fully below.

### Count II – Maritime Attachment and Garnishment (Rule B)

48. Belda incorporates paragraphs 1-47 above as if fully set forth herein.

49. Belda seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration, including its contractual attorneys' fees and costs.

50. No security for Belda's claims has been posted by Tadema, Taleveras BV, Taleveras DMCC or anyone acting on their behalf to date.

51. Tadema, Taleveras BV, and Taleveras DMCC cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District.

WHEREFORE, Belda prays:

A. That process in due form of law issue against Tadema, Taleveras BV, and Taleveras DMCC, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since Tadema, Taleveras BV, and Taleveras DMCC cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Tadema's, Taleveras BV's, and/or Taleveras DMCC's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Tadema, Taleveras BV, and/or Taleveras DMCC, up to the amount of at least **USD $594,000.00** to secure Belda's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C. That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That upon attachment of the amount demanded, that this Court stay this action pending outcome of the parties' arbitration, and this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E. That Belda may have such other, further and different relief as may be just and proper.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*[signature]*

Timothy Jay Houseal (Del. Bar ID No. 2880)
Jennifer Kinkus (Del. Bar ID No. 4289)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6682
thouseal@ycst.com
jkinkus@ycst.com

*Attorneys for Plaintiff Belda Shipping S. A.*

OF COUNSEL:
Michael E. Unger, *pro hac vice* pending
Michael J. Dehart, *pro hac vice* pending
Freehill Hogan & Mahar LLP
80 Pine Street, 25th Floor
New York, NY 10005
Tel:   (212) 425-1900
Fax:  (212) 425-1901
unger@freehill.com
dehart@freehill.com

Dated: June 17, 2016

01:18816749.1